UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAUN RUSHING,

                Plaintiff,

-against-

U.S. DISTRICT COURT WESTERN DISTRICT GRAND RAPIDS,

                Defendant.

21-CV-3200 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, a resident of Grand Rapids, Michigan, brings this action *pro se*. By order dated April 15, 2021, the Court granted Plaintiff's request to proceed without prepayment of fees, that is, *in forma pauperis* ("IFP"). The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992)

(holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

Plaintiff submits the one-page complaint without a caption and does not name any defendants.[1] The complaint reads in its entirety:

> On March 18, 2021-22 Shaun Rushing permanently enjoined from use of the court. That is a constitutional violation that violated every Amendment Right that is so ordered by the United States of America.
>
> With which be such a achrious [sic] violation the asked for by Shaun Rushing is 110 trillion dollars.
>
> On March 18, 2021, Shaun Rushing was denied access to the U.S. district Court which violates Shaun Rushing right to the court right to access the court. Because having filed several cases and was denied. Shaun Rushing is suing for due process. Asking amount 110 trillion.[2]

(ECF 2, at 1.)

A search of the Public Access to Court Electronic Records ("PACER") database shows that by order dated July 31, 2007, the Hon. Robert Holmes Bell of the United States District Court for the Western District of Michigan determined that Plaintiff had filed 27 civil rights actions in a single month under three different names,[3] and therefore permanently enjoined

---

[1] On his IFP application, Plaintiff lists the "U.S. District Court Western District Grand Rapids" as the Defendant.

[2] Plaintiff writes with irregular capitalization. For readability, the Court uses standard capitalization when quoting from the complaint.

[3] With respect to his identity, the Western District of Michigan noted that according to the Michigan Department of Corrections Offender Tracking Information System (OTIS), Plaintiff's name is Alexis Legree and he has several known aliases, including Shaun Rushing and Bilbo Grant. *Rushing v. Wyoming Police Dep't*, No. 07-CV-0711 (RHB), Doc. 5, at 8 n.1 (W.D. Mich. July 31, 2007).

Plaintiff from filing any future actions IFP in that court. *Rushing v. Wyoming Police Dep't*, No. 07-CV-0711 (RHB), Doc. 5 (W.D. Mich. July 31, 2007). PACER also shows that by order dated April 6, 2021, Magistrate Judge Phillip J. Green of the United States District Court for the Western District of Michigan rejected a complaint that Plaintiff attempted to file in that court. *See In re RESTRICTED FILER Shaun Rushing*, No. 1:21-MC-2021, Doc. 48 (W.D. Mich. Apr. 6, 2020).[4] Plaintiff filed the complaint in this action on April 9, 2021.

## DISCUSSION

Plaintiff's complaint, when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, appears to be asserting a claim that his federal constitutional rights were violated by an order issued against him by the United States District Court for the Western District of Michigan. But this Court has no appellate or supervisory authority over another federal district court. *See* 28 U.S.C. § 1294(1) (appeals to be taken "[f]rom a district court of the United States to the court of appeals for the circuit embracing the district"); *El Bey v. United States*, 697 F. App'x 706, 707 (Mem) (D.C. Cir. April 4, 2017) (affirming district court's dismissal of challenge to decision of the District Court for the Southern District of New York "because a district court in one district or circuit lacks authority to review the decision of a district court in another district or circuit").

Plaintiff cites no legal bases for asserting a claim for damages against the Defendant district court or for bringing suit in this district. Nor does the complaint allege any facts suggesting that Plaintiff has a viable claim. The Court therefore dismisses Plaintiff's complaint

---

[4] PACER also shows that by order dated April 13, 2021, Magistrate Judge Sally J. Behrens rejected another complaint that Plaintiff attempted to file in the Western District of Michigan. *See id.*, Doc. 52.

3

as frivolous because it lacks a basis in law or fact. *See Neitzke*, 490 U.S. at 324-25; *Livingston*, 141 F.3d at 437.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend and dismisses the action as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

Plaintiff's complaint is dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: April 26, 2021
       New York, New York

                /s/ Laura Taylor Swain
              LAURA TAYLOR SWAIN
          Chief United States District Judge